# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

KASSANDRA JACKSON,
     Plaintiff,

vs.

MICHAEL BACHMAN, et al.,
     Defendants.

Case No. 1:19-cv-422

Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT AND
RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, bring this pro se civil action against former Hamilton County Municipal Court Judge Michael Bachman, the Hamilton County Courthouse, the Hamilton County Sheriff's Department, and the Third Presbyterian Church. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot

make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff alleges that defendant Bachman, a former judge, assaulted her when he left the bench and exited his courtroom, chased plaintiff down a hallway, and escorted her back to the courtroom by grasping her neck and/or shoulder "in an effort to detain [her]." (Doc. 1-2 at 3). Defendant Bachman then allegedly pushed plaintiff down into a chair and ordered plaintiff's arrest, "after sentencing [her] for disrupting his hearing by being too loud in the hallway for seeking a protection order against church members primarily for sexual harassment." (*Id.*). Plaintiff alleges she spent two to three days in jail. She also alleges that the judge resigned. Plaintiff alleges she suffers from extreme mental health issues "due to [a] viral video of [the] court session" that was posted on the internet. As relief, plaintiff seeks money damages and "a criminal conviction." (*Id.* at 4).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with her complaint against defendant Bachman. *See* 28 U.S.C. § 1915(e)(2)(B).

However, plaintiff's complaint should be dismissed against all other defendants. First, plaintiff's allegations are insufficient to state a claim for relief under 42 U.S.C. § 1983 against

the Hamilton County Courthouse. The Courthouse is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action. Capacity to sue or be sued in the United States District Courts is governed by Fed. R. Civ. P. 17. Rule 17(b) provides, in pertinent part: "In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held. . . ." Fed. R. Civ. P. 17(b). The Ohio Supreme Court has concluded that Ohio courts are not sui juris. "Absent express statutory authority, a court can neither sue nor be sued in its own right." *Malone v. Court of Common Pleas of Cuyahoga County*, 344 N.E.2d 126, 128 (Ohio 1976) (quoting *State ex rel. Cleveland Municipal Court v. Cleveland City Council*, 296 N.E.2d 544, 546 (Ohio 1973)). *See also Hawkins v. Youngstown Mun. Court*, No. 4:12-cv-1029, 2012 WL 4050167, at *2 (N.D. Ohio Sept. 13, 2012) (Youngstown Municipal Court is not *sui juris,* meaning it is not a legal entity that can sue or be sued; court is merely a subunit of the municipality it serves); *Harsh v. City of Franklin, Ohio*, No. 1:07-cv-874, 2009 WL 806653, at *4–5 (S.D. Ohio March 26, 2009) (holding that the Warren County, Ohio Court of Common Pleas and City of Franklin Municipal Court are not sui juris); *Burton v. Hamilton County Juvenile Court*, No. 1:04-cv-368, 2006 WL 91600, at *5 (S.D. Ohio Jan. 11, 2006) (holding that the Hamilton County Juvenile Court is not a legal entity capable of being sued). Therefore, the complaint fails to state a claim for relief against the Hamilton County Courthouse.

Second, plaintiff's complaint fails to state a claim for relief against the Hamilton County Sheriff's Department. Plaintiff's claim against the Hamilton County Sheriff's Department is an official capacity claim and is treated as a claim against Hamilton County, Ohio, the entity of which the Sheriff's Department is an agent. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Kentucky v. Graham,* 473 U.S. 159 (1985); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's complaint fails to state a claim for relief under § 1983 against Hamilton County

4

because counties are not vicariously liable for the actions of their employees under § 1983. "It is firmly established that a municipality, or . . . a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a claim for relief against Hamilton County for plaintiff's alleged injuries, the complaint must allege facts showing that the misconduct giving rise to plaintiff's injuries was the result of a policy, statement, regulation, decision, or custom promulgated by the County. *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (citing *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003)); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See also Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). "The 'official policy' requirement [of *Monell*] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986) (emphasis in original). "[P]laintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen." *Bright*, 753 F.3d at 660 (citing *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008)). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation).

Plaintiff's complaint fails to allege any facts showing what actions were taken by the Hamilton County Sheriff's Department that violated her rights. Nor has plaintiff alleged that any such actions stemmed from a particular policy, custom, or practice of Hamilton County that caused a violation of plaintiff's civil rights. Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against the Hamilton County Sheriff's Department and should be dismissed.

5

Third, plaintiff has failed to allege any facts showing how defendant Third Presbyterian Church participated in any alleged violation of her constitutional or statutory rights. Plaintiff's complaint provides no factual content or context from which the Court may reasonably infer that this defendant violated plaintiff's rights. *Iqbal*, 556 U.S. at 678. With the exception of listing the named defendant in the caption of her complaint, plaintiff has failed to allege the specific actions Third Presbyterian Church allegedly took to violate her rights. Therefore, the complaint against defendant Third Presbyterian Church should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED** with prejudice, with the exception of plaintiff's claims against defendant Bachman.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Bachman as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon defendant or, if appearance has been entered by counsel, upon defendant's attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in her address which may

occur during the pendency of this lawsuit.

Date:  6/14/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KASSANDRA JACKSON,
     Plaintiff,

  vs.

MICHAEL BACHMAN, et al.,
     Defendants.

Case No. 1:19-cv-422

Barrrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party□s objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).