# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| KASSANDRA JACKSON,<br>    Plaintiff, | Case No. 1:19-cv-422<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| MICHAEL BACHMAN, et al.,<br>    Defendants. | **ORDER AND REPORT AND RECOMMENDATION** |

Plaintiff, a resident of Cincinnati, Ohio, brings this civil rights action against former Hamilton County Magistrate Michael Bachman and others.[1]  This matter is before the Court on plaintiff's motion for leave to file an amended complaint (Doc. 22), defendant Bachman's response in opposition (Doc. 28), and plaintiff's reply memorandum (Doc. 29).  This matter is also before the Court on defendant Bachman's motion to dismiss (Doc. 17), plaintiff's response in opposition (Doc. 23), and defendant Bachman's reply memorandum (Doc. 25).

As background, plaintiff initiated this action pro se and was granted leave to proceed *in forma pauperis* in June 2019.  On June 14, 2019, the Court conducted a *sua sponte* review of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and dismissed plaintiff's complaint with prejudice, with the exception of her constitutional claims against defendant Bachman.  (Doc. 4).  In September 2019, defendant Bachman filed a motion to dismiss for insufficient service of process.  (Doc. 9).  On June 2, 2020, the Court denied the motion to dismiss for insufficient service of process as moot given that defendant Bachman filed the present motion to dismiss on June 1, 2020.  (Doc. 19).[2]  Thereafter, counsel entered an appearance for plaintiff on June 19, 2020.  (Doc. 21).

---

[1] Plaintiff's claims against all other defendants have been dismissed.  (Docs. 4, 8).
[2] The docket reflects that summons was returned executed as to defendant Bachman on June 3, 2020.

After counsel entered an appearance, plaintiff moved to file the present proposed amended complaint. (Doc. 22). Plaintiff represents that her undersigned counsel has undertaken an investigation of the facts necessary to support the constitutional claims in the proposed amended complaint. (*Id.* at 2). Plaintiff states that the proposed amended complaint provides defense counsel and the Court with sufficient details to maintain her cause of action, which renders defendant Bachman's pending motion to dismiss as moot. (*Id.*). In response, defendant Bachman argues that plaintiff's motion to amend her complaint to clarify her constitutional claims should be denied as futile. (Doc. 28 at 2). Defendant Bachman argues that plaintiff's claims are barred by the doctrines of absolute judicial immunity and qualified immunity, as well as the *Rooker-Feldman* doctrine. (*Id.* at 2-4). Defendant Bachman also argues that plaintiff's proposed state law assault and battery claims are time-barred by the statute of limitations. (*Id.* at 4-5).

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course within 21 days of serving it or within "21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15 (a)(1)(A)-(B). All other amendments must be made with the consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2). Here, defendant Bachman filed his motion to dismiss on June 1, 2020. Plaintiff was therefore entitled to file her amended complaint as a matter of course within 21 days of defendant Bachman's motion to dismiss. Plaintiff's amended complaint was filed on June 19, 2020, within the requisite 21 days. Therefore, plaintiff was not required to seek leave of Court to file her amended complaint, and her motion to amend the complaint should be denied as moot.[3] In light of plaintiff's amended

---

[3] Plaintiff's amended complaint supersedes the original complaint and is now the legally operative complaint in this case. *Scuba v. Wilkinson*, No. 1:06-cv-160, 2006 WL 2794939, at *2 (S.D. Ohio Sept. 27, 2006) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)).

complaint, defendant Bachman's motion to dismiss, which is directed at the original complaint, should be denied as moot.

Accordingly, it is **RECOMMENDED** that:

1. Defendant Bachman's motion to dismiss (Doc. 17) be **DENIED** as **MOOT**.

2. Plaintiff's motion for leave to file an amended complaint (Doc. 22) be **DENIED** as **MOOT**.

It is **ORDERED** that:

1. Defendant Bachman respond to plaintiff's amended complaint within **21 days** of the date of this Order.

Date: 10/16/2020

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KASSANDRA JACKSON,                     Case No: 1:19-cv-422
     Plaintiff,                                       Dlott, J.
                                                       Litkovitz, M.J.
     vs.

MICHAEL BACHMAN, et al.,
     Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

4