IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KASSANDRA JACKSON,            :    Case No. 1:19-cv-422
                                 :
    Plaintiff,                :    Judge Susan J. Dlott
                                 :
    v.                       :    **ORDER ADOPTING THE REPORT**
                                 :    **AND RECOMMENDATION AND**
MICHAEL BACHMAN,          :    **GRANTING DEFENDANT'S SECOND**
                                 :    **MOTION TO DISMISS FOR FAILURE**
    Defendant.            :    **TO STATE A CLAIM**
                                 :
                                 :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (Doc. 36) that Defendant's Second Motion to Dismiss for Failure to State a Claim (Doc. 31) be granted. Plaintiff objected to the Report and Recommendation (Doc. 39), and Defendant responded to Plaintiff's Objections (Doc. 40).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a complaint must comply with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Rule 8(a)).

A complaint must include sufficient facts to state a claim that is plausible on its face and not speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. A district court examining the sufficiency of

1

a complaint must accept well-pleaded facts as true, but not legal conclusions or legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–79.

Where a motion to dismiss is referred to a magistrate judge for a report and recommendation, the District Court conducts a *de novo* review of any properly filed objections to the recommendation. Fed. R. Civ. P. 72(b)(3). The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

The Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court concludes that Plaintiff's objections must be overruled. The Court adopts the Report and Recommendation (Doc. 113), adding only that—for the reasons contained in Section III.B of the Report and Recommendation—all of Plaintiff's constitutional claims (Counts I – III) are barred by judicial immunity[1] as well as qualified immunity.

---

[1] Because she concluded that qualified immunity shielded Defendant from liability on Counts II and III, the Magistrate Judge declined to address whether absolute judicial immunity also applied to Counts II and III. This Court concludes that it does.

The Complaint alleges that Jackson, "frustrated and confused" because Bachman would not hear her protection order application that day, engaged in "heated" conversations in the hallway with Bachman's courtroom staff, and then walked down the hallway towards the exit when "a single scream is heard on the courtroom audio recording system." (Doc. 24 at PageID 234–35.) Bachman then "pursued" Jackson "down the fifth floor main hallway, past the elevators and to the top of the stairs, yelling at her, pointing at her and telling her to return." (*Id.* at PageID 236.) He then "grabbed" Jackson's shoulder with his thumb on her neck and "forcibly directed her into the courtroom and then forced her into a chair in the jury box." (*Id.* at PageID 237.) Bachman asked his clerk to summon Sheriff's office personnel and told them, "Deputies, she is in your custody for contempt of court for causing a ruckus which interrupted our hearing. Three days in jail." (*Id.* at PageID 237.) When Jackson physically resisted arrest inside the courtroom, Bachman upped the sentence to ten days. (*Id.* at 237–38.) This Court absolutely disagrees with Bachman's handling of the "ruckus" he perceived Jackson to have caused during his hearing. However, he took the actions in question to protect the "sanctity and dignity" of courtroom proceedings, a judicial act "shielded by absolute immunity." *Triplett v. Connor*, 109 F. App'x 94, 96 (6th Cir. 2004); *Mullins v. Oakley*, 437 F.2d 1217, 1218 (4th Cir. 1971).

2

Accordingly, Defendant's Second Motion to Dismiss for Failure to State a Claim (Doc. 31) is hereby **GRANTED**.  The Court declines to exercise supplemental jurisdiction over the surviving state law claims, and this matter shall be terminated from the Court's docket.

**IT IS SO ORDERED**.

Dated:  <u>July 21, 2021</u>           <u>S/Susan J. Dlott                  </u>
                                       Judge Susan J. Dlott
                                       United States District Court